UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10312-NMG |
| | ) | |
| IVAN RODRIGUEZ | ) | |

MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE

Defendant Ivan Rodriguez moves, under 18 U.S.C. § 3563(c) and Fed. R. Crim. P. 32.1(b), that the court modify the conditions of supervised release imposed upon him to permit him to remain in home confinement on electronic monitoring for five more months instead of requiring residence in a community confinement center for those five months.

As grounds for this motion, defendant states that, on March 29, 2007, the court sentenced him to time served to be followed by 48 months of supervised release the first five months of which are to be served in home confinement on electronic monitoring and the second five months of which are to be served in a community confinement center. The defendant is nearing the end of the first five months and is scheduled to report to the community confinement center this week.

The reason for this request is that Mr. Rodriguez is actively involved in the raising of his son, Joshua Rodriguez, age four. The mother of this child, Teresa Pardo, suffers from significant mental health and emotional difficulties and is

unable to adequately care for Joshua without Rodriguez's daily assistance.  PSR §§ 71,72.  As a result of Ms. Pardo's mental and emotional difficulties Rodriguez is actively involved in the raising and caring for Joshua on a daily basis.  Mr. Rodriguez also monitors Ms. Pardo's medication, making sure that she takes her prescribed medications as necessary.  It is believed that Ms. Pardo would be unable to care for the child without assistance and support from Rodriguez.  See Sentencing DVD, previously submitted with defendant's sentencing memorandum.  Rodriguez also assists Ms. Pardo financially.  Due to the structure of Coolidge House, Mr. Rodriguez would not be permitted to leave the premises in order to continue to meet his family responsibilities and assist in the daily care of his son.

U.S. Probation Officer Lisa Dube, who is supervising defendant on probation, has indicated that Mr. Rodriguez has done well on electronic monitoring.  Moving Mr. Rodriguez away from the family and into community confinement would be extremely disruptive at this time.  Furthermore, the sentencing guidelines treat electronic monitoring and community confinement as comparable punishment.  See U.S.S.G. § 5C1.1(e).  The proposed modification –allowing Mr. Rodriguez to remain on electronic monitoring-- would allow defendant to continue to be actively involved in supporting his family and caring for his young son and his son's mentally ill mother.

```
                                IVAN RODRIGUEZ
                                By His Attorney


                                /s/ Catherine K. Byrne
                                Catherine K. Byrne
                                  B.B.O. #543838
                                Federal Defender Office
                                408 Atlantic Avenue, 3rd Floor
                                Boston, MA  02110
                                     Tel: 617-223-8061
```

CERTIFICATE OF SERVICE

I, Catherine K. Byrne, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 16, 2007.

```
                                /s/ Catherine K. Byrne
                                Catherine K. Byrne
```